

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

AUG -8 2019

ARTHUR JOHNSTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
JACKSON DIVISION

ENDURANCE AMERICAN SPECIALTY
INSURANCE COMPANY                                    PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:19cv548-DPJ-FKB

U.S. CONSOLIDATED, INC., U.S.
CONSOLIDATED GROUP LLC AND CITY
OF JACKSON, MISSISSIPPI                                    DEFENDANTS

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Endurance American Specialty Insurance Company ("Endurance"), files this its

Complaint for Declaratory Judgment, and would respectfully show unto the court the following:

### I. NATURE OF ACTION

1.

This is a civil action for a declaratory judgment arising from Endurance's issuance of a

contract for liability insurance to the Named Insured, U.S. Consolidated, Incorporated, policy

number CBP10000280601, for the policy periods of May 9, 2014 to May 9, 2015, May 9, 2015 to

May 9, 2016, and May 9, 2016 to May 9, 2017 (the "Policy"). True and correct copies of the

Policy for each of the policy periods are attached hereto as Exhibits "A," "B," and "C," and the

terms thereof are incorporated by reference herein.

2.

Endurance seeks a declaration that the Policy provides no coverage for the claims made in

the underlying civil action filed on June 11, 2019, in Hinds County, Mississippi, by the City of

Jackson (the "City") against Siemens Industry, Inc., Siemens Corporation, Siemens AG, Chris

{D1242849.1}
D1239829.1

McNeil, U.S. Consolidated, Inc., U.S. Consolidated Group LLC, M.A.C. & Associates, LLC, Ivision IT Consultants LLC, Garrett Enterprises Consolidated, Inc., and John Does 1-10, Cause No. 19-375 (the "Suit"). Exh. "D." Because the Policy provides no coverage for the claims asserted in the Suit, Endurance is entitled to a declaratory judgment that it has no duty to defend the Suit and no duty to indemnify any party for any damages that may be awarded in the Suit.

## II. THE PARTIES

3.

Endurance is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of New York and is duly licensed to sell insurance in Mississippi by the Mississippi Insurance Department.

4.

U.S. Consolidated, Inc. is a Mississippi corporation with its principal place of business in Hinds County, Mississippi, and may be served through its registered agent, Tom Wallace, 939 Royal Oak Drive, Jackson, Mississippi, 39206 or wherever Mr. Wallace may be found.

5.

U.S. Consolidated Group LLC is a Mississippi limited liability company doing business in the State of Mississippi with its principal place of business in Hinds County, Mississippi, and may be served through its registered agent, Tom Wallace, 939 Royal Oak Drive, Jackson, Mississippi, 39206 or wherever Mr. Wallace may be found. The members of U.S. Consolidated Group LLC are citizens of Mississippi.

6.

The City is a municipal corporation organized and existing under the laws of the State of

{D1242849 1}
D1239829 1

Mississippi.

### III.  JURISDICTION AND VENUE

7.

This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332, as the matter in controversy is between citizens of different states and the value in controversy, exclusive of interest and costs, exceeds $75,000.

8.

Venue in proper in this district pursuant to 28 U.S.C. §1391(b) because the defendants reside in this judicial district and a substantial part of the events giving rise to the claim occurred in this district.

9.

Plaintiff is entitled to declaratory relief in accordance with 28 U.S.C. §2201 and Federal Rule of Civil Procedure 57.

### IV.  UNDERLYING CLAIMS

10.

The City filed the Suit on June 11, 2019.  A true and correct copy of the Complaint is attached hereto as Exhibit "D" and incorporated by reference herein.

11.

The Suit alleges that the City entered into a contract with Siemens Industry, Inc., Siemens Corporation, and/or Siemens AG (collectively "Siemens") on or about January 30, 2013 for the upgrade of the City's water system.  The Suit alleges that a "massive fraud" was perpetrated against the City with respect to the installation of the new automated water meter and billing system and

the repair of the City's water treatment plants and sewer lines. The City alleges that it has sustained more than $225 million in losses.

12.

The City alleges that Siemens utilized a "bait-and-switch" or "pass-through" scheme to artificially inflate the number of minority-owned businesses which would be utilized in the subject project for purposes of manipulating the project's Equal Business Opportunity ("EBO") plan requirements.

13.

As part of the alleged "bait-and-switch" or "pass-through" scheme, the City allegedly engaged U.S. Consolidated and/or U.S. Consolidated Group LLC to supply the water meters for the project. U.S. Consolidated allegedly received approximately $19.5 million for its work on the water project. However, the Suit alleges U.S. Consolidated was simply a "pass-through entity involved in the supply of water meters on paper only." The Suit alleges that U.S. Consolidated bought the water meters from the manufacturer, Mueller Systems, and then sold the meters to Siemens at a marked-up price for installation by a subcontractor. Siemens and U.S. Consolidated allegedly conspired "to funnel the meters to Siemens as part of a fraudulent EBO scheme, all at an increased cost to the City." Exh. "D," ¶36.

14.

The Suit alleges that the subject project was "plagued by technical problems from the start," including the incorrect installation of more than half of the 60,000 water meters and the installation of water meters that did not satisfy the required specifications, causing delays in the project and problems with accurately measuring and billing for water usage. The Suit alleges that the "entire

project was delayed in early 2015 when the City discovered that Siemens had installed meters that read in gallons instead of the appropriate cubic-feet reading." Exh. "D," ¶41.

15.

The Suit alleges that U.S. Consolidated was "not qualified to perform the work" that it was hired to perform. The Suit alleges that the work and materials furnished by U.S. Consolidated and other entities were "defective and contributed to the numerous technical problems with the Siemens water system that continue to this day." Exh. "D," ¶43.

16.

The Suit pleads causes of action for Fraud and Fraud in the Inducement, Negligent Misrepresentation, Civil Conspiracy, Negligence, Breach of Implied Warranty of Good Workmanship, Unjust Enrichment, Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing, and Agent and Alter Ego Liability. The only causes of action aimed at U.S. Consolidated are Civil Conspiracy, Negligence, and Unjust Enrichment. Exh. "D."

17.

Under Count Three – Civil Conspiracy, the Suit alleges that U.S. Consolidated conspired with Siemens and a former Siemens employee, Chris McNeil, to accomplish unlawful purposes or lawful purposes by unlawful means, including the alleged "fraudulent EBO pass-through scheme." Exh. "D," ¶56.

18.

Under Count Four – Negligence, the Suit alleges that U.S. Consolidated and other defendants breached duties to the City in connection with the materials and services provided, including the sale and installation of the new water meters, the implementation of the new water

billing system, and the repairs to the City's sewer lines and water treatment plants. U.S. Consolidated and other defendants allegedly failed to provide adequate services and materials and allegedly failed to furnish and install a water meter and billing system that was free of defects and that worked correctly. Exh. "D," ¶63.

19.

Under Count Six – Unjust Enrichment, the Suit alleges that U.S. Consolidated and the other defendants have been unjustly enriched by committing the various acts and torts alleged in the Suit. Exh. "D," ¶69.

20.

The Suit seeks damages in excess of $225 million in actual and consequential damages, which includes more than $150 million for the alleged cost of funding the subject project, more than $75 million for alleged lost revenue and damage to the City's creditworthiness and reputation, and several million dollars for the estimated cost to repair and manage the malfunctioning water meter system. The Suit also seeks punitive and exemplary damages due to alleged fraud, malice, and gross negligence.

## THE ENDURANCE POLICY

21.

Subject to various terms, conditions, and exclusions, the Policy issued by Endurance gives it the right and duty to defend U.S. Consolidated, Inc. against any suit seeking damages to which the insurance provided by the Policy applies.

22.

The Insuring Agreement of Coverage A of the Policy states, in pertinent part:

{D1242849 1}
D1239829 1

## SECTION I – COVERAGES

## COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement**

   a.  We will pay those sums that the insured be-comes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

      (1)  The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and

      (2)  Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      (2)  The "bodily injury" or "property damage" occurs during the policy period; and

      (3)  Prior to the policy period, no insured listed under Paragraph 1. of Section II - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.

23.

Coverage A contains the following exclusions that are or may be applicable:

**2. Exclusions**

This insurance does not apply to:

     **a.**     **Expected Or Intended Injury**

     "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

     **\* \* \* \***

     **k.**     **Damage To Your Product**
     "Property damage" to "your product" arising out of it or any part of it.

     **l.**     **Damage To Your Work**
     "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".
     This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a sub-contractor.

     **m.**     **Damage To Impaired Property Or Property Not Physically Injured**
     "Property damage" to "impaired property" or property that has not been physically injured, arising out of:
     (1)     A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
     (2)     A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
     This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n.**    **Recall Of Products, Work Or Impaired Property**
Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, re-placement, adjustment, removal or disposal of:

(1)    "Your product";

(2)    "Your work"; or

(3)    "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

* * * * *

24.

The Insuring Agreement of Coverage B states in pertinent part:

## COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

**1.    Insuring Agreement**

a.    We will pay those sums that the insured be-comes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

b.    This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

* * * * *

25.

The Policy contains the following definitions that are or may be applicable:

**SECTION V - DEFINITIONS**

3.  "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

8.  "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

    a.  It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    b.  You have failed to fulfill the terms of a contract or agreement;

    if such property can be restored to use by the re-pair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    a.  False arrest, detention or imprisonment;
    b.  Malicious prosecution;
    c.  The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
    d.  Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
    e.  Oral or written publication, in any manner, of material that violates a person's right of privacy;

f.     The use of another's advertising idea in your "advertisement"; or

g.     Infringing upon another's copyright, trade dress or slogan in your "advertisement".

16.     "Products-completed operations hazard":

a.     Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1)     Products that are still in your physical possession; or

(2)     Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

(a)     When all of the work called for in your contract has been completed.

(b)     When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

(c)     When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

b.     Does not include "bodily injury" or "property damage" arising out of:

(1)     The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

(2)     The existence of tools, uninstalled equipment

or abandoned or unused materials; or

(3)    Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

17.    "Property damage" means:

a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

21.    "Your product":

a.    Means:

(1)    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(a) You;

(b)Others trading under your name; or

(c) A person or organization whose business or assets you have acquired; and

(2)    Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

b.    Includes:

(1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use

of "your product"; and

(2)    The providing of or failure to provide warnings or instructions.

c.    Does not include vending machines or other property rented to or located for the use of others but not sold.

22.    "Your work":

a.    Means:

(1)    Work or operations performed by you or on your behalf; and

(2)    Materials, parts or equipment furnished in connection with such work or operations.

b.    Includes:

(1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

(2)    The providing of or failure to provide warnings or instructions.

\* \* \* \* \*

26.

The Policy contains an endorsement titled "Punitive, Treble or Exemplary Damages Exclusion," which states, in pertinent part:

It is hereby agreed that this policy shall not apply to a claim of, or indemnification for, punitive, treble or exemplary damages. If a "suit" shall have been brought against the insured for any claim falling within the coverage provided under the policy, seeking both compensatory and punitive, treble or exemplary damages, then we will afford a defense to such action. In no event, however, shall we have an obligation to pay for any loss, costs, interest, expenses or damages attributable to punitive, treble or exemplary damages.

27.

The Policy's "Who Is An Insured" provision states, in pertinent part:

**SECTION II – WHO IS AN INSURED**

1.      If you are designated in the Declarations as:

.  .  .  .

d. An organization other than a partnership, joint venture or limited liability company, you are an insured.  Your "executive officers" and directors are insureds, but only with respect to their duties as your executive officers or directors.  Your stockholders are also insureds, but only with respect to their liability as stockholders.

* * * * *

**V.  DECLARATORY JUDGMENT**

28.

Plaintiff repeats and realleges Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29.

An actual, substantive, and justiciable controversy exists between the parties concerning the existence of coverage under the Policy.  The parties accordingly have a direct, substantial, and present interest in a declaratory judgment.

30.

Endurance is entitled to a declaratory judgment that no "bodily injury" is alleged in the Suit.

31.

Endurance is entitled to a declaratory judgment that no "property damage" is alleged in the Suit.

{D1242849 1}
D1239829 1

32.

Endurance is entitled to a declaratory judgment that no "occurrence" is alleged in the Suit and/or that the "Expected Or Intended Injury" exclusion (2.a.) applies to exclude coverage.

33.

Endurance is entitled to a declaratory judgment that, to the extent any "property damage" is alleged in the Suit, the "Damage To Your Product" exclusion (k.), the "Damage To Your Work" exclusion (l.), the "Damage To Impaired Property Or Property Not Physically Injured" exclusion (m.), and/or the "Recall Of Products, Work Or Impaired Property" exclusion apply to exclude any potential coverage.

34.

Endurance is entitled to a declaratory judgment that there is no coverage under Coverage B of the Policy because no "personal and advertising injury" is alleged in the Suit, and/or one or more of the Policy's  Coverage B exclusions would apply to exclude coverage.

35.

Endurance is entitled to a declaratory judgment that there is no coverage to the extent the Suit alleges any illegal acts which are uninsurable under Mississippi law.

36.

Endurance is entitled to a declaratory judgment that there is no coverage to the extent U.S. Consolidated, Inc. has failed to comply with any of the terms, conditions, and other provisions of the Policy.

37.

Additionally and alternatively, Endurance is entitled to a declaratory judgment that U.S.

Consolidated Group LLC does not qualify as an insured under the Policy and, therefore, is not entitled to a defense or indemnity from Endurance.

38.

Endurance is entitled to a declaratory judgment that there is no coverage for any alleged damages that occurred outside of the Endurance policy periods.

39.

Pursuant to the terms, conditions, and exclusions of the Policy, Endurance is entitled to a declaration that Endurance does not have any defense, indemnity, or other coverage obligations under the Policy with respect to the Suit for all of the reasons set forth herein.

## **REQUEST FOR RELIEF**

WHEREFORE, Endurance respectfully requests judgment in its favor and against the defendants herein, and asks that the Court to:

1.    Enter judgment in favor of Endurance by declaring that Endurance does not have any defense or indemnity obligations under the Policy with respect to the Suit;

2.    Award to Endurance its attorney fees and costs incurred in connection with this suit; and

3.    Award such other relief as is just and proper, including but not limited to Endurance's recoverable count costs in this declaratory judgment action.

Respectfully submitted,

ENDURANCE   AMERICAN   SPECIALTY
INSURANCE COMPANY

BY: _____
        OF COUNSEL

[D1242849 1]
D1239829 1

TIMOTHY M. PEEPLES - BAR # 100103
tpeeples@danielcoker.com
TOM JULIAN - MS BAR NO. 101905
*tjulian@danielcoker.com*
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE:  601-969-7607
FACSIMILE:   601-969-1116

{D1242849 1}                                    17